# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ARTHUR RAINEY<br><br>  Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>  Respondent. | Case No. 11: 4116-CV-C-NKL |

## ORDER

Before the Court is Arthur Lee Rainey, Jr.'s *pro se* motion to vacate, set aside or correct his sentence [Doc. # 1], pursuant to 28 U.S.C. § 2255. Upon consideration of Rainey's motion, the government's response [Doc. # 6], and Rainey's reply [Doc. # 8], the Court denies the motion for the reasons outlined below.

**I. Procedural History**

On December 7, 2009, Rainey entered a plea of guilty to Count One of the superseding indictment, which had charged him with conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing cocaine base

1

and 500 grams or more of a mixture and substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1) and 846.

On April 29, 2010, the Court adopted the presentence investigation report (PSR) recommending a Guidelines sentencing range of 151 to 188 months. At this time, Rainey's counsel asked the Court to consider 18 U.S.C. § 3553(a) factors, and requested imposition of the statutory minimum sentence of 120 months. The Court then noted the sentencing disparity between crack and powder cocaine, stating that its practice for crack cocaine defendants was to use a 10:1 ratio rather than the 100:1 ratio, stating, "[T]he practical consequence of that is that this reduces this sentence down to a statutory minimum." [Sent. Tr. 7].

On April 26, 2011, Rainey timely filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence based on a claim of ineffective assistance of counsel. Rainey claims that his defense counsel was ineffective for failing to request that the Court use its discretion to reject the U.S. Sentencing Guidelines crack-powder cocaine sentencing differential and instead apply a different ratio which would correct the disparity.

**II.     Discussion**

    **A.     Ineffective Assistance of Counsel**

To prevail in showing ineffective assistance of counsel, a movant must prove first, that counsel's performance was objectively deficient and second, that this deficiency prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In evaluating whether defense counsel's performance was deficient, courts must employ "a strong

presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Even if defense counsel's performance is found to be deficient, the conviction will not be set aside unless "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Here, even if assuming Rainey's defense counsel's performance was deficient, any such deficiency did not change the judgment. Even though counsel did not ask the Court to reject the 100:1 ratio, the Court did so independently, employing a 10:1 ratio which lowered Rainey's sentence to the statutory minimum of 10 years. The decreased mandatory minimums outlined in the Fair Sentencing Act of 2010, which lowered the mandatory minimum in a case like Rainey's to 5 years, do not apply retroactively. *United States v. Orr*, 636 F.3d 944 (8th. Cir. 2011). Thus, Rainey could not have received a lower sentence even if the Court had completely eliminated the sentencing differential between crack and powder cocaine. Because the outcome would not have changed had Rainey's attorney requested that the Court reject the 100:1 ratio, the Court finds that the constitutional standard for ineffective assistance of counsel has not been met.

In his reply, Rainey states that he "preserves the right to amend this § 2255 motion at
the time the Fair Sentencing Clarification Act becomes law." [Doc. # 1 at 1-2]. However, the Court cannot grant an indefinite leave to amend, both because Rainey's potential claim is not yet ripe and because Congress has provided a clear one-year statute of limitations for bringing section 2255 claims. 28 U.S.C. §2255. In the event that the law is amended to

3

lower the mandatory minimums retroactively, Rainey may attempt to bring a successive section 2255 motion or explore other potential legal remedies under the law existing at that time.

    B.      **Certificate of Appealability**

A certificate of appealability will be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth above, Rainey has not made a substantial showing of the denial of a constitutional right. Therefore, the Court does not issue a certificate of appealability here.

**III.   Conclusion**

Accordingly, it is hereby ORDERED that Arthur Lee Rainey's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1] is DENIED and a certificate of appealability is not issued.

       s/ Nanette K. Laughrey
       NANETTE K. LAUGHREY
       United States District Judge

Dated: September 13, 2011
Jefferson City, Missouri